### In re ROSENBERG.

(District Court, E. D. Pennsylvania. March 13, 1906.)

#### No. 358.

BANKRUPTCY—PROOFS OF DEBT—JUDGMENT CREDITORS.

Under Bankruptcy Act July 1, 1898, c. 541, § 57, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], requiring creditors to file proofs of debt within one year; and section 63, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], making judgments provable debts, in order that judgment creditors may share in the distribution of the estate of a bankrupt, they must file proofs of debt.

In Bankruptcy.

James C. Sellers, for claimant.
George B. Johnson, for trustee.

J. B. McPHERSON, District Judge. The argument before the court was chiefly upon a question concerning the continuing lien of a judgment that was entered against the bankrupt more than four months before the filing of the petition, and was kept alive against his real estate by a proper revival. The referee decided that this judgment (which was also duly proved) was entitled to payment in full as a preferred debt, and upon this subject no objection was made, nor any request for a certificate. It follows, therefore, that his award in favor of the revived judgment is not now in controversy, and for that reason nothing more need be said about it.

The only question to which objection was properly taken appears in the following certificate of the referee:

"I, George M. Rupert, one of the referees of said court in bankruptcy, do hereby certify, that in the course of the proceedings in said cause before me the following question arose pertinent to the said proceedings:

"Did the referee err in holding that Herman A. Myers, trustee, and Jonas Bros. were not entitled to share in the distribution of the bankrupt estate?

"The referee held that the said parties were not entitled to share in the

distribution because neither of them had filed any proof of debt in the bankrupt estate. Other questions arose and were considered, but the matter hinged on this one controlling question.

"These creditors held judgments of record against the bankrupt. The referee held that these judgments were provable debts—expressly made so by the sixty-third section of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]), and held also that the fifty-seventh section of the act made it incumbent upon these creditors to file proofs of debt within one year after the adjudication of bankruptcy.

"This cause has been in this court since November, 1899, and neither of these creditors has ever filed any claim of proof of debt whatever.

"I therefore held that neither of them had any standing in this matter, and that neither of them was entitled to share in the distribution.

"The conclusions of law are embraced in the foregoing statement of facts. If the filing of a proof of debt is an essential prerequisite to enable a creditor to share in the distribution, as I believe the law requires, then there can be no escape from the conclusion reached in this case.

"In this regard the law is as clear and explicit as it can be made; and no amount of argument can further elucidate it.

"If this view of the question be wrong, and these parties are entitled to share in the distribution, then in the absence of any proof of debt there is no basis whatever before me upon which their dividends can be computed or ascertained.".

It is unnecessary, I think, to add anything to this brief statement by the referee. A claim must be proved before it can be allowed, whether it be supported by a judgment, or be a claim of another class. The referee is not bound to search the record for judgments against the bankrupt, and to take notice of them sua sponte. It is no doubt true that the proof of a judgment may differ in kind and form from the proof that is necessary to establish a claim of another class; but proof of some kind there must be before the judgment is properly before the referee for allowance.

As there was no such proof in the present case, it follows that the decision of the referee was correct. If it be necessary to refer to any authorities in support of this conclusion, the following citations may suffice: Collier on Bankruptcy (4th Ed.) pp. 439, 445; Brandenburg on Bankruptcy (3d Ed.) §§ 977, 992; Loveland on Bankruptcy (2d Ed.) § 115, with the cases referred to in the notes to these citations.