In re SANDERSON.

(District Court, D. Vermont. March 17, 1908.)

No. 1,336.

BANKRUPTCY—CLAIMS—FILING—TIME.

> Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3444), provides that claims shall not be proved against the estate after a year from the adjudication, or if in litigation, and final judgment is rendered, then within 60 days after the rendition of judgment, except that the rights of infants and insane persons without guardians, without notice of the proceedings, may continue 6 months longer. *Held,* that the court had no power to permit proof of a claim after the expiration of the time so fixed, though the creditor's failure to make proof within the time specified arose solely through accident and mistake.

In Bankruptcy.

Alfred A. Hall, for petitioning creditors.

D. W. Steele, for alleged bankrupt.

MARTIN, District Judge. The date of the bankrupt's adjudication was June 3, 1904. On March 9, 1908, the day of the final meeting of creditors for the settlement of the trustee's account and for making final orders of distribution, the claimant presented a claim for $47.36, of which $14 is preferred. The referee reports that the claimant failed to make and file his claim within "the time allowed by law solely through accident and mistake," and that no objection was raised against the allowance of the claim. The referee submits to the court whether the court may not give the referee special authority to allow the claim.

There seems to be no question as to the merits of permitting the allowance of this claim. If Congress had left with the court any discretion in such a case, this court would be glad to exercise that discretion in allowing the claim. Observe the language of Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]:

> "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are adjudicated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons without guardians without notice of the proceedings may continue six months longer."

It is useless here to consider whether the court is not ordinarily vested with sufficient equity powers to grant relief where it is equity so to do, because this statute cuts out any common-law equity powers vested in the court for such allowance. The courts have construed this statute literally. The claim in question cannot be allowed, as it is barred by this statute. In re Stein (D. C.) 1 Am. Bankr. Rep. 662, 94

Fed. 124; Bray v. Cobb (D. C.) 3 Am. Bankr. Rep. 788, 100 Fed. 270; In re Shaffer (D. C.) 4 Am. Bankr. Rep. 728, 104 Fed. 982; Hutchinson v. Otis, 8 Am. Bankr. Rep. 382, 115 Fed. 937, 53 C. C. A. 419; In re Moebius (D. C.) 8 Am. Bankr. Rep. 590, 116 Fed. 47; In re Hawk, 8 Am. Bankr. Rep. 71, 114 Fed. 916, 52 C. C. A. 536; In re Rosenberg (D. C.) 16 Am. Bankr. Rep. 465, 144 Fed. 442.

Some courts have gone so far as to hold that a creditor not named in the schedule and having received no notice, directly or indirectly, is barred in one year from proving or having his claim allowed. In re Muskoka Lumber Co. (D. C.) 11 Am. Bankr. Rep. 761, 127 Fed. 886, and cases there cited.