FARMERS' STATE BANK OF TEXAHOMA et al. v. THOMPSON.

THOMPSON v. FARMERS' STATE BANK.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1919.)

Nos. 3184, 3346.

1. APPEAL AND ERROR ⊕—356—TIME FOR PERFECTING APPEAL.

Where a decree was entered on June 14, 1918, and the petition for appeal, assignments of error, and bond were not filed until December 16th of that year, on which day the appeal was allowed, it must be dismissed, not having been perfected within the 6 months period prescribed by Act March 3, 1891, c. 517, § 11.

2. APPEAL AND ERROR ⊕—357(2)—DELAY IN OBTAINING ALLOWANCE OF APPEAL.

Appellants cannot excuse their delay of more than 6 months in perfecting an appeal to the Circuit Court of Appeals on the ground that the judge of the District Court for that district was ill and could not be reached to present the papers, for the District Court is always open for the filing of pleadings, and the appeal might have been allowed by the judge who tried the case under proper designation, or by any Circuit Judge, under Judicial Code, § 132 (Comp. St. § 1124).

3. APPEAL AND ERROR ⊕—357(2)—EXCUSE FOR DELAY IN PERFECTING APPEALS.

Delay in the mail will not excuse appellants for failure to perfect their appeal within the 6 months prescribed, even though the papers were mailed to the Circuit Judge who allowed the appeal in time, had the mail been promptly delivered.

4. RECEIVERS ⊕—16—DISCRETION IN APPOINTING.

Where plaintiff, who sought to impress the proceeds of a life policy with a trust, applied for a receiver on the ground that defendant had removed the fund out of the jurisdiction of the court and would dissipate it, the appointment of a receiver, where an ample bond was exacted before hearing on the merits, was not an abuse of discretion; defendant having admitted that she would continue to use the fund for her own purposes.

5. APPEAL AND ERROR ⊕—790(3)—MOOT CASE.

Where the bill on which a receiver was appointed was dismissed, *held* that, as the receivership naturally fell with the dismissal of the bill, the question of the propriety of the appointment, it appearing that ample bond had been exacted, will not be reviewed on appeal; the matter being moot.

Appeals from the District Court of the United States for the Northern District of Texas; Robert T. Ervin and Du Val West, Judges.

Bill by the Farmers' State Bank of Texahoma against Mrs. R. S. Thompson, in which C. C. Patten moved to intervene. From a decree dismissing the bill and intervention, complainant and intervener appeal, while defendant appeals from an order appointing a receiver. Appeals dismissed.

Ben H. Stone and R. R. Hazelwood, both of Amarillo, Tex., for plaintiff and intervener.

W. A. Davidson, of Amarillo, Tex., and John W. Davidson, of Childress, Tex., for defendant.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. [1] These two appeals arise from the same cause of action and were argued at one and the same time. The

first-named case presents an appeal from a decree dismissing a bill and an intervention, by which the plaintiff and intervener sought to impress the proceeds of a certain life insurance policy on the life of appellee's husband with a trust in their favor as creditors. It is unnecessary to consider the merits of this case, as at the outset we are met by a motion to dismiss the appeal because not timely perfected.

The decree was entered on June 14, 1918. The petition for appeal, the assignments of error, and the bond were not filed until December 16, 1918. The appeal was allowed and the order signed on December 16, 1918. The matter was not presented to any judge before that date. Appellants had 6 months in which to perfect their appeal. Act March 3, 1891, c. 517, § 11, 26 Stat. 829. It is apparent the appeal was not prosecuted in time.

[2, 3] Appellants seek to excuse the delay on the grounds that Judge Meek, judge of the District Court for the Northern District of Texas, was ill and could not be reached to present the papers, and that they were mailed to Circuit Judge Batts, who was designated to hold the District Court in the Northern District of Texas, in time, had the mail been promptly delivered.

As to this it is sufficient to say that the District Court is always open for the filing of pleadings, and the appeal could have been allowed by Judge Ervin, who tried the case under proper designation, or by any Circuit Judge. Judicial Code, § 132 (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. § 1124]). Furthermore, delay in the mail is no excuse. The appeal will be dismissed, at appellants' cost.

[4, 5] The second case is an appeal from an order appointing a receiver. It is evident that the appeal presents now only a moot question, as the receivership naturally fell with the dismissal of the bill. It is earnestly insisted by appellant, however, that the order was unwarranted, and should be reversed, notwithstanding the action of the court on the appeal in the main case.

It appears that the receiver was appointed by the court merely to take possession of the fund claimed by plaintiffs. An ample bond was exacted. The application for a receiver was tried on bill and answer. The bill substantially alleged that the defendant had removed the fund out of the jurisdiction of the court and would dissipate it. The essential allegations of the bill were verified by the affidavits of two persons. The answer filed in the case was verified by the affidavit of defendant. It admits the defendant had used part of the fund for her own use and would continue to so use it. At the hearing defendant produced witnesses and offered to go into the trial of the merits of the case, which the court declined to do.

On the facts presented we cannot say there was any abuse of discretion on the part of the District Court. The appointment of the receiver merely preserved the status quo, which was right and proper, and the defendant was amply protected by bond. As the controversy is at an end the appeal in this case will also be dismissed, without costs to either party. Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; Bucks Stove & Range Co. v. Am. Federation of Labor, 219 U. S. 581, 31 Sup. Ct. 472, 55 L. Ed. 345.

Appeals dismissed.