### In re R. B. ROSE CO., Inc.

District Court, S. D. New York.

June 9, 1930.

I. Gainsburg, of New York City, for bankrupt.

Shaine & Weinrib, of New York City, for trustee.

Smith & Neily, of New York City, for claimant.

GODDARD, District Judge.

This is a petition to review an order of a referee in bankruptcy denying a motion for leave to file a claim against the bankrupt nunc pro tunc as of July 6, 1928.

A voluntary petition in bankruptcy was

---

[1] Affirmed 281 U. S. 642, 50 S. Ct. 443, 74 L. Ed. 1086.

filed on March 17, 1928, and an order of adjudication entered on that date. The referee has found that on July 6, 1928, a proof of claim for merchandise sold and delivered in the sum of $10,144.56 against the bankrupt was prepared and deposited in the United States mail, but that it "must have been lost in the mail" and "that such claim was not filed."

The notice of motion to file the claim nunc pro tunc was dated January 30, 1930, which was approximately 21½ months after the adjudication.

■ Section 57n of the Bankruptcy Act, as amended by Act May 27, 1926, § 13 (11 US CA § 93(n), provides that "claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer." This section is in the nature of a statute of limitation, and unless the claim be proved within the said six months or the claim is within the exceptions, namely, is in process of litigation, or relates to an infant or insane persons, it is too late and the court is without power to extend the time. See In re Muskoka Lumber Co. (D. C.) 127 F. 886; Matter of Lago (D. C.) 38 F.(2d) 887; In re Sanderson (D. C.) 160 F. 278; Collier on Bankruptcy (13th Ed.) p. 1177, and cases cited.

■ The purpose of the 1926 amendment of this section reducing the time in which claims might be proved from one year to six months was to compel the early presentation. of claims so that estates of bankrupts might be liquidated more expeditiously, and this is desirable. The statute eliminates any common-law equity power of the court to extend the time.

Counsel for petitioner has referred to instances where informal proofs of claim have been amended after the period. Such references obviously are not in point, for here there is nothing on file to amend.

The notice to file the claim nunc pro tunc as of July 6, 1928, of course, admits that it has not been filed.

■■ In the absence of a provision authorizing it, a notice served by mail is ineffective unless it is received. But where notice has been properly mailed, its receipt will be presumed in the absence of evidence to the contrary. In re Leterman, Becher & Co. (C. C. A.) 260 F. 543. And in Re Leterman, Becher & Co., supra, page 549 of 260 F., the court says: "And we think it plain that a notice of an assignment deposited in the mail by an assignee does not become effective as against the holder of the fund assigned or the debtor until it is actually communicated to him."

■ Counsel for the petitioner contends that as the referee employs the mail to send notices to creditors, there is an implied authority for the creditor to use the mail in forwarding his proof of claim. The difficulty with this reasoning is that section 58 of the Bankruptcy Act (11 USCA § 94) specifically states that such notices by the referee shall be "by mail," but section 57n states that "claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication. ✴ ✴ ✴ " There is no statute authorizing the mailing the proof of claim or providing that mailing is sufficient. The creditor who selects the mail as a vehicle for filing his proof of claim assumes the risk of loss or miscarriage. This is a well-known rule, and the fact that the lost paper is a proof of claim for filing with a referee in bankruptcy creates no exception. Farmers' State Bank v. Thompson (C. C. A.) 261 F. 166.

While the present situation is an unfortunate one for the petitioner, its situation is probably not due so much to the fact that its representatives failed to understand that filing did not mean merely depositing in the mail regardless of whether the paper ever reached the referee, but its misfortune is that the paper happened to have been lost in the mail, and that they made no effort to find out whether it arrived or not. Obviously a rule which authorized the depositing of the proof of claim in the mail instead of filing would be neither practical nor satisfactory.

The order of the referee is affirmed.