### In re HARRIS BROS.
### No. 150.

District Court. W. D. Arkansas, El Dorado Division.

Nov. 27, 1933.

Silas W. Rogers and E. H. Coulter, both of El Dorado, Ark., for petitioner.

T. D. Wynne, of Fordyce, Ark., for Fordyce Bank & Trust Co.

RAGON, District Judge.

This case comes up on review before the court without any dispute as to the facts.

On August 3, 1931, an involuntary petition in bankruptcy was filed against Harris Bros., a copartnership composed of John R. Harris, William L. Harris, and Charles C. Harris. The firm was adjudicated a bankrupt on January 21, 1932. The Fordyce Bank & Trust Company held a claim against the partnership in the sum of approximately $2,500. No proof of claim was filed by the said Fordyce Bank & Trust Company in the office of the referee within six months from the date of the adjudication. A few days prior to September 27, 1933, the said Fordyce Bank & Trust Company filed its petition, asking that it be permitted to file its claim as of February 1, 1932. A hearing was held on that date and a carbon copy of the proof of claim which it was alleged by claimant to have been placed in the mail addressed to the referee on February 1, 1932, was introduced in evidence. On this showing the referee made an order permitting claimant to file said proof of claim as of the date on which it was placed in the mail to the referee. The trustee of the estate objected to this order and was allowed until October 15, 1933, to file his petition to set it aside. The trustee filed his petition and on October 11, 1933, the referee on that date made an order overruling the exceptions and the motion of the trustee.

The question comes on review before the court to determine whether or not the action of the referee in these two orders was correct. It resolves itself down to a single question of law whether or not the Fordyce Bank & Trust Company complied with the bankruptcy statutes for the filing of claims by simply placing their claim in the mail addressed to the referee in bankruptcy. The letter was mailed at Fordyce, Ark., and addressed to the referee in bankruptcy at El Dorado, Ark.

The court is of the opinion that simply placing the letter in the mail, addressed to the referee in bankruptcy, does not comply with the terms of the statutes in the filing of a creditor's claim with the referee.

Subsection c of section 57, 11 USCA. § 93 (c) provides that: "Claims after being proved may, for the purpose of allowance, be filed by the claimants in the court where the proceedings are pending or before the referee if the case has been referred."

Subsection d, 11 USCA § 93 (d) provides that: "Claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

Subsection n of section 57 of the Bankruptcy Act, as amended by the Act of May 27, 1926, 11 USCA § 93 (n), provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication." Prior to the amendment of May 27, 1926, the time allowed was one year.

It is contended by the Fordyce Bank & Trust Company that the claim was duly filed by reason of the presumption arising out of the fact that it was placed in the mails and in due course would have reached the addressee, the referee in bankruptcy, at El Dorado. They contend that this presumption is not rebutted or attempted to be rebutted by the trustee. The trustee on the other hand contends that the records of the referee's court show that the claim was never filed and that there is a still stronger presumption than that claimed by the Fordyce Bank & Trust Company to the effect that an officer is presumed to have correctly discharged a ministerial duty. Regardless of which of these may be the stronger presumption, the deciding factor which the record discloses is that this claim was never filed. The Fordyce Bank & Trust Company in its petition relates: "That

no record of the filing of its proof now appears among the Referee's records in the matter of said bankruptcy, and that this petitioner's proof of claim has either been lost, destroyed or misplaced." With this statement in the record, it was not incumbent upon the trustee to rebut the presumption that the claim was received and filed by the referee. In the absence of the record showing the filing of this proof, it was incumbent upon the Fordyce Bank & Trust Company to show when this claim was "lost, destroyed or misplaced." It is true under the decisions that a letter placed in the mail is presumed to have reached, in due course, the addressee. Southern Engine & Boiler Works v. Vaughan, 98 Ark. 388, 135 S. W. 913, Ann. Cas. 1912D, 1062, and other cases cited in this opinion. It is equally true that the presumption is always in favor of the correct performance of his duty by an officer, and every reasonable intendment will be made in support of such presumption. Throop on Public Officers, § 568; Meechem, Public Officers, § 579. This principle has been sustained by our own Supreme Court in several cases.

The Fordyce Bank & Trust Company comes in eighteen months after the adjudication and seeks to file the claim as of the date of February 1, 1932. The authorities upon this point are practically unanimous in holding that subsection n of section 57 is a statute of limitation and prohibitory against the court in opening up for the purpose of filing claims against an estate when the six-month period has run after adjudication. Orcutt Co. v. Green, 204 U. S. 96, 27 S. Ct. 195, 51 L. Ed. 390; In re Sanderson (D. C.) 160 F. 278; In re Hawk (C. C. A.) 114 F. 916; In re Rose Co. (D. C.) 43 F.(2d) 446; Farmers' State Bank v. Thompson (C. C. A.) 261 F. 166.

There is nothing in the facts in this case which would bring it under any of the exceptions provided for in subsection n of section 57.

This is doubtless a just claim, but the recent trend of amendments to the bankruptcy law has been for the purpose of expediting cases in the bankruptcy courts. Other creditors have a right to have their claims seasonably passed upon and are entitled to whatever dividends or payment may be due them from the bankrupt estate. To permit a creditor to merely place his claim in the mail and then to make no other inquiry or investigation to see whether or not it had been properly filed for a period of eighteen months, would constitute an indulgence that certainly would not promote the expeditious settlement of bankrupt estates.

For this reason the referee's findings are not sustained, and his order of October 15, 1933, permitting the Fordyce Bank & Trust Company to file its petition, is ordered vacated.