In the Matter of INWOOD REALTY COMPANY, a Partnership, Debtor.

Bankruptcy No. 75 B 1308.

United States Bankruptcy Court, S. D. New York.

Dec. 5, 1979.

Schwartz & Sachs, P. C., Carle Place, N. Y., for debtor; Gary B. Sachs, Carle Place, N. Y., of counsel.

Irwin S. Lampert, Goshen, N. Y., for Slaco Realty Corp.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

This is a motion by Slaco Realty Corp. ("Slaco"), dated November 15, 1979, requesting, under the terms of Bankruptcy Rule 802(c),[1] an extension of time to file a notice of appeal, on the purported ground of excusable neglect, from an order of this Court entered on October 12, 1979.[2]

Slaco's counsel received a conformed copy of the aforementioned order on October 16, 1979 and on October 18, 1979 mailed a notice of appeal to this Court together with the requisite filing fee. The notice of appeal was received and filed in this Court on October 23, 1979, one day beyond the prescribed ten-day period within which to file a notice of appeal.[3]

■ Slaco now seeks a retroactive extension of the ten-day appeal period.

This request must be denied.

As the Court observed in *In re W. T. Grant Co.*[4]

". . . an appeal from a Bankruptcy Judge's order must be filed within 10 days after the entry of that order, unless a request for an extension is made within the initial 10 day period in which case the appellant has 20 additional days to file the notice of appeal. If excusable neglect is shown, the request for an extension need not be made within 10 days of the filing of the bankruptcy order. However, assuming 'excusable neglect', any request for an extension must be made *within the 30 day period following entry of the judgment or order* . . ."[5] (emphasis supplied).

■ Even if we were to assume the validity of Slaco's claim of "excusable neglect", based upon an alleged delay in the mails, which allegedly resulted in the late filing of the notice of appeal,[6] *the instant*

---

**1.** 411 U.S. 1087. Bankruptcy Rule 802(c), by its terms, requires that an application for an extension of time for appeal be made, in the first instance, to the Bankruptcy Judge.

**2.** This Court's order of October 12, 1979 decreed, adversely to Slaco, after a classification hearing held in accordance with Bankruptcy Rule 12–31, 421 U.S. 1107, that Slaco's claim, in the underlying Chapter XII case, is unsecured.

**3.** Bankruptcy Rule 802(a), 411 U.S. 1087.

**4.** 425 F.Supp. 565 (S.D.N.Y.1976), *aff'd without opinion*, 559 F.2d 1206 (2d Cir. 1977).

**5.** *Id* at 567. See also *Matter of Washington Group, Inc.*, 476 F.Supp. 246, 249 (M.D.N.C. 1979).

**6.** But see *In re Scheid's Inc.*, 342 F.Supp. 290, 291 (E.D.Pa.1972).

It should be noted, as well, that there is a motion by the Chapter XII debtor presently pending in the United States District Court for the Southern District of New York to dismiss Slaco's appeal as untimely. In an affirmation in opposition thereto, Slaco's counsel, erroneously relying upon Bankruptcy Rule 906(e), 411 U.S. 1095, contended that he timely filed the notice of appeal. It is clear, however, that Bankruptcy Rule 906(e), which provides that service or notice by mail is complete upon mailing, is not applicable to the *filing* of a notice of appeal.

It is well settled that "mailing alone does not constitute filing, but that filing requires delivery and receipt by a proper party." *In re Nimz Transportation Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) (*citing United States v. Lombardo*, 241

*request* is dated November 15, 1979—several days beyond the 30 day period following entry of this Court's order.

Although we prefer that "matters [be] heard on their merits",[7] there necessarily must be adherence to "orderly procedural requirements."[8] Slaco has not complied with the specific requirements of Bankruptcy Rule 802(c) and accordingly the relief sought by it cannot be granted.[9]

Submit order.

U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 [1916]). *Cf In re Brill*, 52 F.2d 636 (S.D.N.Y.) *aff'd per curiam* 52 F.2d 639 (2d Cir. 1931). See also Fed.R.App.P. 25(a). Thus, for example, the risk of loss or miscarriage of a proof of claim deposited in the mail, is on the creditor. *In re R. B. Rose Co. Inc.*, 43 F.2d 446 (S.D.N.Y.1930).

Slaco's ignorance of the rules, in this regard, clearly does not comprehend "excusable neglect." *Cf. Ohliger v. United States*, 308 F.2d 667 (2d Cir. 1962); *cf. United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir. 1971).

7. *Goff v. Pfau*, 418 F.2d 649, 654 (8th Cir. 1969), *cert. denied*, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97, *rehearing denied*, 399 U.S. 917, 90 S.Ct. 2212, 26 L.Ed.2d 577 (1970).

8. *Ibid.*

9. A failure to timely file a notice of appeal is jurisdictional. *In re W. T. Grant Co., supra*, 425 F.Supp. at 567.