Grundstein v. Vt. Bd. of Bar Examiners

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

Robert Grundstein, Esq.,

> *Plaintiff-Appellant*,

v.                                                                18-180

Vermont Board of Bar Examiners, Keith Kasper, Chair, Vermont Supreme Court Justices, Paul Reiber, Chief Justice,

> *Defendants-Appellee*s.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Robert Grundstein, pro se, Morrisville, VT. |
| **FOR DEFENDANTS-APPELLEES:** | David Boyd, Assistant Attorney General, *for* Thomas J. Donovan, Jr., Attorney General of the State of Vermont, Montpelier, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is **AFFIRMED**.

Appellant Robert Grundstein, pro se, appeals from the December 20, 2017 dismissal of Grundstein's second amended complaint with prejudice. Grundstein also moves to (1) amend his appellate brief with additional legal authority and (2) strike a letter written by defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we construe Grundstein's motion to amend his brief as a letter pursuant to Second Circuit Local Rule 28(j), and, so construed, we consider his additional authority as appropriate. We deny his motion to strike defendants-appellees' letter to the Court, which provides historical versions of statutes that Grundstein referenced in his reply brief. Parties are required to reproduce statutes, rules, or regulations relied upon in their brief, either in the brief, as an addendum, or in a separate pamphlet. 2d Cir. Local R. 28(f). Grundstein failed to provide copies of these historical statutes, and we decline to strike the defendants-appellees' provision of copies.

## I. Mootness

Before addressing the merits of the appeal, we briefly address defendants-appellees' argument that the appeal is now moot insofar as Grundstein seeks to overturn the Character and Fitness Committee's decision. Because Grundstein sought other declaratory and injunctive relief that is not mooted by the Vermont Supreme Court's decision, this case is not moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) ("The available remedy . . . does not need to be fully satisfactory to avoid mootness. To the contrary, even the availability of a partial remedy is sufficient to prevent [a] case from being moot.") (internal citations and quotation marks omitted).

## II. *Younger* Abstention and Res Judicata

Defendants-appellees alternatively contend that the district court's dismissal should be affirmed because (1) *Younger* abstention was proper, or (2) the *Rooker-Feldman* doctrine and res judicata bar Grundstein's suit. We need not reach defendants-appellees' arguments regarding *Younger* abstention or the *Rooker-Feldman* doctrine because we affirm the district court's dismissal of the complaint on the basis of res judicata.

We may affirm a judgment on grounds "for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). Although the defendants-appellees did not raise res judicata in the district court, "there is 'no absolute bar' to the consideration of res judicata claims for the first time on appeal." *King v. Fox*, 418 F.3d 121, 131 (2d Cir. 2005) (quoting *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)). Given that Grundstein's claims were essentially identical to those

he raised in his Vermont Supreme Court appeal, dismissal on the basis of res judicata is "not only appropriate[,] but virtually mandatory." *Salahuddin*, 992 F.2d at 449 (affirming dismissal of "recycled" claims based on res judicata).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply Vermont res judicata law to Vermont state court judgments. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005) (applying New York res judicata law to a New York judgment). In Vermont, "a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." *Carlson v, Clark*, 970 A.2d 1269, 1272–73 (Vt. 2009) (quoting *Faulkner v. Caledonia Cty. Fair Ass'n*, 869 A.2d 103, 107 (Vt. 2004)) (internal quotation marks omitted). "The doctrine bars parties from relitigating, not only those claims and issues that were previously litigated, but also those that could have been litigated in a prior action." *Id.* at 1273 (internal quotation marks and citation omitted).

Here, the parties are the same or substantially identical. "[I]dentity of parties exists where the parties or their privies are involved in both actions." *Pomfret Farms Ltd. P'ship v. Pomfret Assocs.*, 811 A.2d 655, 660 (Vt. 2002). "A privity relationship generally involves a party so identified in interest with the other party that they represent one legal right." *Id.* Grundstein is a litigant in both the federal case and the state case. Further, although neither Kasper nor Reiber were named parties to the state case, Grundstein challenged an order of the Vermont Board of Bar Examiners ("VBBE"), of which Kasper is the chair, and which is an extension of the Vermont Supreme Court. *See In re Monaghan*, 222 A.2d 665, 669 (Vt. 1966) ("The board of bar examiners . . . serves as an 'arm' to this court . . . ."); 4 V.S.A. § 902 (authorizing the Vermont Supreme Court to appoint members of the VBBE). And since both parties are sued in their official capacity, they represent the same legal interest, the Supreme Court of Vermont's authority to regulate the legal profession. *See In re Grundstein*, 183 A.3d 574, 581 (Vt. 2018) ("[T]he Vermont Constitution gives [the Vermont Supreme Court] the unique responsibility to regulate the practice of law within this state . . . .").

Second, the subject matter and the causes of action are the same or substantially the same. Vermont applies a transactional test to determine if the subject matter and causes of action are the same in both cases. *See Faulkner*, 869 A.2d at 108–09 (causes of action); *Pomfret Farms Ltd. P'ship*, 811 A.2d at 658–59 (subject matter). The subject matter and causes of action are the same if the operative facts are the same. *See Faulkner*, 869 A.2d at 108–09 ("The facts underlying both cases are inextricably 'related in time, space, origin, or motivation . . . .'") (quoting Restatement (Second) of Judgments § 24(2) (1982)); *Pomfret Farms Ltd. P'ship*, 811 A.2d at 658–59 ("[A] claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim . . . .") (quoting *Stratton v. Steele*, 472 A.2d 1237, 1239 (Vt. 1984) (first alteration in original)).

The claims here are based on the same operative facts and Grundstein argued the same legal issues before the Vermont Supreme Court. In his state court challenge to the Character and Fitness Committee's decision, Grundstein argued, inter alia, that "he should be certified for character and

fitness on the basis of estoppel or laches" and that the committee's determination was not supported by the evidence. *In re Grundstein*, 183 A.3d at 581. He further argued that "Vermont's character and fitness standard is unconstitutionally vague; the character and fitness review process violates the Equal Protection Clause, the Privileges and Immunities Clause, and the Fifth Amendment; and the review was not conducted by an impartial decision maker." *Id.* at n.4. In his federal complaint, he raised identical issues with estoppel and laches, evidence, due process, and other constitutional claims. Further, both cases are based on the same character and fitness proceedings. Therefore, the subject matter and causes of action are the same.

Third, the February 2018 decision by the Vermont Supreme Court qualifies as "previous litigation." *Carlson*, 970 A.2d at 1272. Although the Vermont Supreme Court proceeding did not result from a traditional lawsuit, the Vermont Supreme Court reviewed the record de novo, considered the merits of Grundstein's arguments, and published a decision. *In re Grundstein*, 183 A.3d at 581–89. Therefore, the Vermont Supreme Court proceedings were sufficiently adjudicative in nature so as to preclude further litigation. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 479 (1983) (concluding that court of appeal's reviews of bar applicants' petitions were judicial in nature because they "involved a judicial inquiry in which the court was called upon to investigate, declare, and enforce liabilities as they [stood] on present or past facts and under laws supposed already to exist.") (internal quotation marks omitted). And the fact that the state and federal proceedings occurred simultaneously does not prevent the Vermont Supreme Court decision from having preclusive effect. *R.E. Bean Const. Co. v. Middlebury Assocs.*, 428 A.2d 306, 309 (Vt. 1980) ("A valid and final judgment rendered in one action is conclusive in another action between the parties although the other action was commenced before the rendition of the judgment or before the commencement of the action in which the judgment was rendered.") (quoting Restatement of Judgments § 43 (1942)). Thus, the Vermont State Court judgment can have preclusive effect. Accordingly, we affirm the district court's dismissal of Grundstein's complaint on the basis of res judicata.

We have considered all of Grundstein's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4