**In re LEWIS J. GLAZER, Inc.**

Bankr. No. 71073.

United States District Court
D. Massachusetts.

Feb. 6, 1951.

Bernard A. Riemer, Trustee, of Boston, Mass., pro se.

Harold G. Jackson, Asst. U. S. Atty., of Boston, Mass., for the United States.

FORD, District Judge.

The United States petitions for review of an order of the referee in bankruptcy entered on September 26, 1950, disallowing the proof of claim of the petitioner in the amount of $26,658.90, except as to the amount covered by a lien of the United States in the amount of $1,102.22.

The facts as set forth in the referee's certificate of review and stipulated by the parties are as follows:

The bankrupt was adjudicated a bankrupt on July 25, 1949, on an involuntary petition filed on July 12, 1949. The first meeting of creditors was held on August 25, 1949, at which time Bernard A. Riemer was elected trustee. On July 7, 1949, prior to bankruptcy, the Collector of Internal Revenue filed a notice of tax lien in the Registry of Deeds for Suffolk County. In this notice, the nature of the tax was stated to be "withholding", the assessment list was received as March 19, 1949 and the amount of the assessment as $1,102.22. On September 22, 1950, the Collector of Internal Revenue filed a proof of claim against the bankrupt for taxes due the United States in the sum of $26,658.90.

At a hearing on this proof of claim and the trustee's petition to establish lien, an order was entered allowing the lien in the sum of $1,102.22 and disallowing the proof of claim except to the extent of said sum of $1,102.22. The disallowance of the proof of claim, except as indicated, is upon the basis that the claim had not been filed within six months from the date of the first meeting of the creditors as required by § 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n. Petitioner admits that the time for filing proof of claim expired on February 25, 1950.

It is stipulated that the schedules filed by the bankrupt list the United States as a creditor, as follows: "United States, 131 Milk Street, Boston—1948-1949—Liquidated—Taxes, $25,377.71"; that the bankrupt was engaged in the business of selling furs, with a usual place of business in Boston, Massachusetts, and also operated concessions in stores in Manchester, New Hampshire, and Pawtucket, Rhode Island. The bankrupt filed returns for miscellaneous taxes, i.e., furs, covering its Boston operations prior to bankruptcy, but did not file such returns for the Manchester and Pawtucket concessions at any time; that the government, sometime after February 25, 1950, learned of the latter fact, made an examination of its books and assessed the bankrupt for the taxes set out in proof of claim filed on September 22, 1950; that no dividend to general creditors has been paid by the trustee; that on August 2, 1949 the receiver of the bankrupt filed a petition to sell certain assets of the bankrupt, free and clear of all liens, and said petition was allowed by the referee August 25, 1949.

The sole question presented is whether the proof of claim filed by the United States more than six months after the first meeting of creditors, no extension of time having been requested or granted, may be allowed.

The Chandler Act of 1938, § 57, sub. n, recast subdivision n to include claims of the United States and also provided that the court could grant further fixed time to the United States upon application prior to the six months' period. Prior to 1938 it was held that the time limit was not binding on the sovereign and it is evident that Congress included the provision with respect to government claims in order to avoid this latter interpretation and the provision for an extension of time was added in order to provide reasonable flexibility while at the same time maintaining the bar time. It is apparent that Congress in the 1938 Act was considering specifically government claims and there is little justification for assuming that a bankruptcy court has any power to alter or circumvent the express provision of the section as rewritten by reading into it further exceptions in the light of the special attention *to government claims* by Congress. Whatever rights existed before this revision were withdrawn by Congress in this specific legislation.

The view expressed here is the same as that which is so well stated by the court in the case of In re Harmack Produce Co., Inc., D.C., 44 F.Supp. 1, at page 2, where the legislative history of § 57, sub. n is set forth. It is plain from the latter that governmental claims should be subjected to the same requirements as other claims with an added provision for an extension of time for the proof of government claims to obviate the difficulty of the government in preparing and presenting its claims. Cf. 3 Collier on Bankruptcy, 14th Ed., p. 322.

The petitioner here contends that the time limitations of § 57, sub. n do not operate as a bar to the amendment of a claim already filed, Hutchinson v. Otis, Wilcox & Co., 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; that its proof of claim filed September 22, 1950 was an amended proof of claim. It argues that where the claim had been scheduled by the bankrupt, as here, it is sufficient to permit the filing of a formal proof of claim if the statutory period has expired.

3 Collier on Bankruptcy, 14th Ed., pp. 170, 171, reads as follows: "* * * courts have been watchful not to allow a too liberal administration of the rules on amendments to nullify the legislative policy. Hence amendments offered after ex-

piration of the statutory six months' period will be more closely scrutinized. They must be genuine 'amendments', as against entirely new claims". The cases reflect that amendments will be allowed if enough has been presented to show a demand is made against the estate and it is the creditor's intent to hold the estate liable. There was no assertion of the disputed claim here by the government before the six months' period. The government did nothing to assert it. It is true the courts have been satisfied with very little to show an assertion of a claim but all the cases reflect, as the trustee argues, some positive conduct on the part of the creditor to show a demand and intent to hold the estate liable. That is lacking here.

It is true, as the petitioner argues, that in the case of Matter of Cunningham, 25 Am.Bankr.Rep. 618, a creditor was permitted to file a claim by way of amendment fourteen months after adjudication. The only proof of claim during the six months' period came from the bankrupt's schedule, describing the claim in full. That is substantially the case here. Collier, supra, p. 173, regards this as an extreme case and it was decided before the 1938 amendment of the Act. Whatever value it has as an authority, this court is of the opinion it should not follow it in the light of present day thought that Congress, by its revision of § 57, sub. n, intended that a far stricter rule be applied. Scottsville Nat. Bank v. Gilmer, 4 Cir., 37 F.2d 227, relied on by petitioner, a case where the trustee and claimant consulted in regard to the claim and treated it as valid and the efforts of the creditor substantially increased the value of the bankrupt's estate, hardly seems in point as in that case and other similar cases the formal proof of claim after the bar period is "based upon facts which, within the statutory period, had already been brought to the notice of the trustee by some informal writing or some pleading in the bankruptcy proceedings". In re G. L. Miller & Co., Inc., 2 Cir., 45 F.2d 115, 116. In the present case there was nothing in the record to show an assertion of the claim here involved by the United States. There was nothing to amend.

For the reasons set forth, the conclusion is that the petition is dismissed and the order of the referee affirmed.