**In the Matter of IMPERIAL SHEET METAL, INC., Bankrupt.**
**No. BK-67-195.**

United States District Court,
M. D. Louisiana.

Jan. 12, 1973.

A. J. Spedale, Baton Rouge, La., for the claimants.

Erwin A. LaRose, Baton Rouge, La., the claimants.

E. GORDON WEST, District Judge:

This matter is before the Court on a petition for review of an order of the Referee in Bankruptcy disallowing certain claims of four unsecured creditors. The facts, as set forth in the Referee's Reasons for Judgment, are uncontested. The questions of law presented for review are:

(1) Is a proof of claim "filed," within the purview of 57n of the Bankruptcy Act, at the time the claimant deposits it

**1150**

in the mail at the United States Post Office, or is the filing requirement satisfied only upon delivery of the proof into the actual custody of the court (that is, the clerk of the district court or the referee in bankruptcy or the trustee of the estate)?

(2) Is the statutory six months' period (set forth in said § 57n) mandatory and immutable, or is the court empowered to extend this period?

(3) Would the listings of the claimants in the bankrupt's schedules constitute bases upon which the proofs of claims which were mailed on February 22, 1968, might be regarded as amendments of previous assertions of such claims rather than as new claims?

(4) Can resort be had to the provisions of Rule 6(e) of the Federal Rules of Civil Procedure to extend (by three days) the six months' filing period?

In a very well reasoned, scholarly opinion, the Hon. Harvey H. Posner, Referee in Bankruptcy, concluded that (1) a proof of claim is not "filed" within the purview of § 57n of the Bankruptcy Act until it is delivered into the actual custody of the Court or its authorized representative, (2) that the statutory six month period set forth in § 57n for the filing of claims is a mandatory limitation of time for filing a proof of claim; (3) that the mere listing of the creditors and the amounts of their claims in the bankrupt's schedules cannot be regarded as a substitute for the required proof of claim; and (4) that Rule 6(e) of the Federal Rules of Civil Procedure has no application in bankruptcy proceedings.

After an independent review of this matter, this Court agrees completely with the conclusions reached by the Referee, and with the reasons given by him for his conclusion, and now adopts, and incorporates herein, in full, his "Reasons for Judgment" as the Findings of Fact and Conclusions of Law in support of the judgment of this Court that the order of the Referee disallowing the claims involved be affirmed.

### REASONS FOR JUDGMENT

This matter comes before the court on the trustee's motion for disallowance of the following-described unsecured claims, which, he contends, were not timely filed.

| C–6 | Roy J. Ourso | $ 450.00 |
| C–7 | Arthur Abadie | 1,028.28 |
| C–8 | Leslie J. Landry | 1,283.59 |
| C–9 | A. J. Spedale | 750.00 |

The "first date set for the first meeting of creditors" was August 22, 1967. Therefore, the six months' period within which claims might have been filed would have terminated on Thursday, February 22, 1968, had it not been a legal holiday (Washington's Birthday—expressly designated a holiday by § 1(18) of the Bankruptcy Act). Accordingly, the next day thereafter, this is, Friday, February 23, 1968, became the last day of the prescriptive period. § 31 of the Act; see also Matter of Dorado Plastics Corp., 184 F.Supp. 283 (D.P.R.1960).

These four claims, with counsel's letter of transmittal, were mailed at Baton Rouge, Louisiana, on February 22, 1968, in an envelope (on file herein) postmarked by the Baton Rouge post office on February 22, 1968, and addressed to the referee at "Post Office Building, Florida Street, Baton Rouge, Louisiana." At that time the referee's office and the bankruptcy court and the main post office were all housed in that very same building. Nevertheless, the envelope and its contents were not received at the office of the referee until Monday, February 26, 1968. Thereupon, the referee's office so notified claimants' counsel (who is himself one of these four claimants and is also one of the two attorneys for the bankrupt).

On March 4, 1968, claimants filed a petition for Leave to File Proof of Claims, invoking the equity power of the bankruptcy court and seeking leave to file said proofs of claims *nunc pro tunc*. In their petition, claimants alleged they did not know that the office of the ref-

eree would be closed on February 22, 1968, and that:

"On February 22, 1968, A. J. Spedale attempted to phone the office of the Referee but was advised by a postal employee that the federal agency switchboard was not operating on said date. On the same date, A. J. Spedale phoned William H. Brown, Trustee, to ascertain if the office of the Referee would be opened on said date for filing of Proofs of Claims. Mr. Brown advised that he did not know if said office was open on said date, whereupon A. J. Spedale phoned the secretary of the Referee at his private office of law, and said secretary advised A. J. Spedale that the office of the Referee was not open on said date.

"On February 22, 1968, A. J. Spedale placed in the U. S. mail by delivery to Post Office situated on Florida Street, Baton Rouge, Louisiana, the Proofs of Claims for the following persons:

(1) Leslie J. Landry

(2) Roy J. Ourso

(3) Arthur F. Abadie, d/b/a Arthur Abadie Insurance Agency

(4) A. J. Spedale"

On March 5, 1968, the referee signed an order that said claims "be and they are hereby deemed to have been timely filed as of February 23, 1968, the date on which mail postmarked February 22, 1968 (a legal holiday) should in due course have reached this office."

On motion of the trustee, dated May 26, 1970, the referee ordered these claimants to show cause why their claims should not be disallowed as not having been filed within six months after the first date set for the first meeting of creditors. The matter was heard on June 2, 1970, and, after the filing of briefs by the respective parties, was taken under advisement.

The trustee contends that the mailing of a claim does not amount to a filing until such claim is received by the referee, that the six months' bar is mandatory, and that no discretion lies with the court to authorize the filing thereof *nunc pro tunc.*

On the other hand, the claimants argue that a claim posted in the mail within the prescribed period and thereafter actually received by the referee is to be regarded as having been timely filed and, if not, then the application of equitable considerations to the peculiar facts and circumstances of this case dictates the allowance of the claims. Claimants' counsel argues that he had intended to deliver the claims to the referee's office on February 22, 1968, but, upon then learning it to be closed and "not being certain that the six month period was extended by one day, the claims were posted in the mail February 22, 1970 (sic), in the post office on Florida Street, the same building in which the Referee's office is situated, and in the normal course of events the letter (and proofs of claims) should have been received on February 22, 1970 (sic) (Thursday) or not later than February 23, 1970 (sic) (Friday), and certainly not four days later on February 26, 1970 (sic)." Alternatively, claimants contend that the proofs of claims should be held to be amendments to the claims "set forth in the schedules filed by the (state court appointed) judicial liquidator and further supported by the liquidator's records deposited with the Trustee." Finally, claimants argue that, under the provisions of Rule 6(e) of the Federal Rules of Civil Procedure, the time for filing proofs of claims did not expire until three days after February 23, 1968, that is, on February 26, 1968, the day on which they were actually received by the referee.

■ The first question to be resolved is whether or not the claimants satisfied the Bankruptcy Act's requirements for the filing of claims by simply placing their claims in the mail addressed to the referee in bankruptcy.

Section 57n of the Bankruptcy Act provides, in applicable part that:

" . . . claims which are not filed within six months after the first

date set for the first meeting of creditors shall not be allowed."

As attested by the postmark on the envelope, the proofs of claims were mailed on Thursday, February 22, 1968, and, in the normal course of mail delivery, should have reached the referee's office on Friday, February 23, 1968. However, the claimants made no allowance for a failure of the mail to move strictly according to schedule, and, as it happened, the claims were not delivered to the office of the referee until Monday, February 26, 1968, the third day after the expiration of the time within which such proofs might have been filed. Thus, these claims were not timely filed and cannot be considered if, as we hold, the date of their "filing" is determined by the date they were delivered into the actual custody of the court rather than the date on which they were mailed.

Filing has been called the ministerial act of incorporating the proof into the records of the court (as distinguished from the claimant's act of proving and the judicial act of allowing or disallowing a claim). In re Two Rivers Woodenware Co., 199 F. 877 (7th Cir.). And in the case of In re Brill, 52 F.2d 636 (S.D.N.Y.1931), aff'd (2nd Cir. 1931), 52 F.2d 639, the court said "filing means manual delivery," citing In re Gubelman, 10 F.2d 926 (2d Cir. 1925).[1] See 3 Collier on Bankruptcy (14th Ed.), ¶ 57.10, pp. 174–177.

In *Gubelman*—in holding that the involuntary petition in bankruptcy "was filed, not on June 15th, when it was presented, at 10:30 p. m., to the District Judge, but on June 16, at 9:30 a. m., when it was filed in the clerk's office" —the court said:

"The word 'filed' has not been defined by Congress. It has, however, a well-defined meaning. It signifies the delivery into the actual custody of the proper officer, designated by the statute, and whose duty it is to keep the records of the court. It carries with it the idea of permanent preservation of the thing as a public record. . . . A paper in a case is not filed until it is deposited with the clerk of the court, for the purpose of making it a part of the records in the case." [2]

In Poynor v. Commissioner of Internal Revenue, 81 F.2d 521 (5th Cir. 1936), the court said:

"A paper is filed when it is delivered to the proper official and by him received to be kept on file. Depositing a paper in the post office in time for it to reach the Board of Tax Appeals in the usual course of mail within the time allowed is not a filing of the paper with the Board. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897."

In the case of In re Beattie, 102 F. Supp. 107 (W.D.Mich.1951), in dealing with the question of whether or not a proof of claim had actually been mailed and, if so, whether before or after the six months' period, the court found the date of mailing "to be immaterial," be-

---

1. "In practice the term ['filed'] has a well-defined meaning, signifying delivered to the proper officer and by him received to be kept on file, or in his official custody; *delivered into the actual custody* of the officer designated by the statute, to be kept by him as a permanent record of his office.

　　　·　　　·　　　·

"Generally the word 'filed' applies only where there is a writing, and where the paper, instrument, or document has been actually delivered, rather than merely deposited in the mail. Thus a paper may be regarded as 'filed' only at the time it is *delivered to, and received by, the designated officer.* . . ." 36A C.J.S. File pp. 396–398. (Emphasis supplied.) See also McGee v. Southern Farm Bureau Casualty Ins. Co., 125 So.2d 787 (La.App. 3rd Cir. 1961).

2. Rule 5(e) of Federal Rules of Civil Procedure now defines filing "with the court" to mean filing with the clerk of the court, except that the judge may permit papers to be filed with him, "in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."

cause such proof was not received by the referee. The court went on to say:

"Assuming that proof of its claim was mailed to the referee within the statutory period for filing claims, that fact cannot aid the petitioner. The law is well established that the proof of claim must be *filed* within the statutory period and that merely placing a proof of claim in the mail properly addressed to the referee does not satisfy the filing requirement of section 57, sub. n of the Bankruptcy Act. In the case of In re R. B. Rose Co., Inc., D. C., 43 F.2d 446, 447, the court said: '. . . "There is no statute authorizing the mailing the proof of claim or providing that mailing is sufficient. The creditor who selects the mail as a vehicle for filing his proof of claim assumes the risk of loss or miscarriage. This is a well-known rule, and the fact that the lost paper is a proof of claim for filing with a referee in bankruptcy creates no exception."' See also In re Harris·Bros., D.C., 5 F.Supp. 191."

See also Louisiana Discount Corporation v. C. I. R., 193 F.2d 495 (5th Cir. 1952), a Louisiana case involving the filing a petition for review of a decision of the Tax Court of the United States.

The only persons authorized to receive a proof of claim for the purpose of its filing are the (1) clerk of the district court, (2) the referee in bankruptcy or (3) the trustee of the estate. Section 57c of the Bankruptcy Act and General Order 21(1) of the General Orders in Bankruptcy.

Therefore, "prior to completion of the act of filing through actual delivery to the court (that is, to the clerk or to the referee or to the trustee), the risk of loss of the proof, *e. g.*, in the mail or by a messenger, is on the creditor." 3 Collier on Bankruptcy (14th Ed.), ¶ 57.10, p. 177. "Hence a new claim may not be filed *nunc pro tunc* after expiration of the time limit set by § 57n." 3 Collier on Bankruptcy (14th Ed.), ¶ 57.10, n. 20,

p. 177. See also In re Richmond Hill Electrical Supply Co., Inc., 47 F.2d 948 (E.D.N.Y.1931).

It necessarily follows, from what has been said, that these four claimants did not *file* their claims within the statutory period of six months allowed for filing claims against the bankrupt's estate.

And the court is entirely without power, equitable or otherwise, to extend the clearly stated statute of limitations found in § 57n. "The plain mandate of the law cannot be set aside because of considerations which may appeal to a referee or judge as falling within general or equity jurisprudence." Burton Coal Co. v. Franklin Coal Co., 67 F.2d 796 (8th Cir. 1933). "The inherent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the present Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief. The weight of authority considers the statutory six months' period as mandatory and immutable. 'This is a statute of limitations. It is even more. It is a prohibition. It is peremptory.'" 3 Collier on Bankruptcy (14th Ed.), ¶ 57.27 [2], pp. 376–380, and the numerous cases cited therein, particularly at n. 8, p. 380.

In Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), relied upon by claimants, Mr. Justice Douglas recited several instances in which the bankruptcy court had granted equitable relief without direct authority in the Act, including permission to file claims after the expiration of the six months' period "in order to prevent a fraud or an injustice." The reference is found in a footnote (n. 11 of the opinion), and, it must be noted, is used not to express the court's decision on the matter pending before it, but to illustrate the generalization that the bankruptcy courts have

exercised equitable power in passing on a wide range of problems arising out of the administration of bankruptcy cases. The footnote has been subject to criticism and variously characterized as *dictum*, misleading, and as unnecessary and dubious commentary on the state of the law. Arnold v. Phillips, 117 F.2d 497, 502 (5th Cir. 1941); 3 Collier on Bankruptcy (14th Ed.), ¶ 57.27 [2], n. 14, pp. 381–382, and n. 17, pp. 383–386; and Milando v. Perrone, 157 F.2d 1002, 1004 (2d Cir. 1946). See also Matter of Harmack Produce Co., Inc., 44 F.Supp. 1 (S.D.N.Y.1942), quoted at length at 3 Collier on Bankruptcy (14th Ed.), ¶ 57.27 [2], n. 17, pp. 384–385.

■ Claimants contend, in the alternative, that even if formal proofs of their claims were not filed within the statutory period for filing claims, nevertheless the fact that their debts are listed in the schedules filed by the judicial liquidator (the petitioner in bankruptcy) and that their claims are supported by the liquidator's records deposited with the trustee constitutes informal proofs of their claims and sufficient bases for granting them leave to amend and file formal proofs of their claims after the expiration of the statutory period.

In the Journal of the National Conference of Referees in Bankruptcy, Vol. 3, No. 2, pp. 54–57, April 1969, Asa S. Herzog, much-respected Referee in Bankruptcy, S.D.N.Y.; member of the Supreme Court's Advisory Committee on Bankruptcy Rules; member of the National Bankruptcy Conference, discusses authoritatively the subject of "Amending Informal Claims." Therein he makes the following observations which are so pertinent here:

"There is nothing novel about employing the device of amendment to avoid the stringency of § 57n. It is a widely accepted rule that an inartistically drawn or defective claim timely filed may be amended after the expiration of the six month period.[6] As

early as 1903, the Supreme Court ruled that the language of § 57n could not be taken to exclude amendments.[7] Amendments are freely allowed to cure defects in the claim originally filed or to particularize the claim, provided that after the expiration of the six month period an entirely new cause of action may not be substituted.[8]

"Of course, before an amendment can be permitted, there ought to be something to amend,—some record of the assertion of a claim in the bankruptcy proceeding made within the six month period which contains the substance of that which is asked for.[9]

"The amendment can go no further than to bring forward and make effective that which in some shape was asserted in the original claim.[10] In other words, there must be some real peg upon which the amendment can be hung. Enough must be presented to show that a demand was made against the estate and that the creditor intended to hold the estate liable. Consonant with the extreme liberality in permitting amendments under the Federal Rules of Civil Procedure, the courts have latched on to a wide variety of so-called proofs of claim upon which an amendment could be based. To support an amended claim, it is not essential that a document labelled 'proof of debt' be filed, or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of a proof of claim is required.[11] . . . Some decisions have gone to extremes in allowing amendments to the flimsiest assertions of the debt;[17] but flimsy or substantial, the basis for the amendment has been a written assertion of a claim against the estate filed or submitted to the court or the trustee within the six month period.[18] In at least one case it was held that a claim set forth in the bankrupt's schedules and treated by the trustee and creditor as valid, was a sufficient basis

upon which to predicate an amendment.[19] But in this case, an exchange of correspondence between the claimant and the trustee acknowledged the existence of a claim. Furthermore, it clearly appears from the opinion that the court was more moved by the equities of the case than by a proper construction of § 57n.

"In another case, however, it was held, and I think properly, that a proof of debt filed after the six month period could not be deemed an amendment of the claim listed in bankrupt's schedules because the schedules did not constitute positive conduct by the *creditor* showing a demand and intent to hold the estate liable. Said the court: 'In the present case there was nothing in the record to show an assertion of the claim here involved by the United States. There was nothing to amend'.[20] And, that's the crux of it all: there must be something to amend, and that something must be an assertion by the *claimant* or his attorney made within the statutory period.

. . .

"It seems that the irreducible minimum to obtain indulgence of the court is an assertion by the creditor (or his attorney) of his claim and of his purpose to share in the estate. It should be in some kind of writing[41] which need not assume the form of a proof of claim.[42] It may be informal, irregular or defective.[43] It may be a letter addressed to the trustee or the referee.[44] . . . In short, there must be something tangible to amend, tenuous perhaps, but at all events, real. The device of an amendment cannot be employed to shift back the date of filing. Absent actual filing of a proof of claim, the claimant must 'do something else which is the equivalent of filing with the referee or clerk.'[48]"

"6. Garvin v. Hickam, 91 F.2d 323 (10th Cir. 1937)."

"7. Hutchinson v. Otis, Wilcox & Co. 190 U.S. 552 [23 S.Ct. 778, 47 L.Ed. 1179] (1903)."

"8. In re G. L. Miller & Co., Inc., 45 F.2d 115 (2d Cir. 1930), In re Fiegel, 22 F.Supp. 364 (S.D.N.Y.1937)."

"9. In re Ebeling, 123 F.2d 520 (7th Cir. 1941), In re Berkshire Hardware Co., Inc., 39 F.Supp. 663 (D.Mass.1941) ; In re Weco Equipment, Inc., 55 F.Supp. 532 (E.D.N.Y.1944)."

"10. In re G. L. Miller & Co., Inc., 45 F. 2d 115 (2d Cir. 1930) ; In re A.B.C. Welding Works, Inc., 68 F.Supp. 742 (S.D.N.Y.1946)."

"11. In re Lipman, 65 F.2d 366 (2d Cir. 1933)."

"17. E. G., the statement that he is a creditor, in the verification to a petition for examination of the bankrupt. In re Rothbell, 6 F.Supp. 244 (S.D.N.Y. 1933)."

"18. In re Lewis J. Glazer, Inc., 95 F. Supp. 472 (D.Mass.1951)."

"19. Scottsville National Bank v. Gilmer, 37 F.2d 227 (4th Cir. 1930)."

"20. In re Lewis J. Glazer, Inc., 95 F. Supp. 472 (D.Mass.1951)."

"41. In re Killanna Realty & Construction Co., Inc., 68 F.2d 718 (2d Cir. 1934) ; In re Peck & Hills Furniture Co., 10 F.Supp. 403 (S.D.N.Y.1935) ; In re Stylerite, Inc., 120 F.Supp. 485 (D. N.H.1954)."

"42. In re Lipman, 65 F.2d 366 (2d Cir. 1933)."

"43. In re Killanna Realty & Construction Co., Inc., supra, note 41."

"44. Matter of Weco Equipment, Inc., 5 F.Supp. 532 (E.D.N.Y.1944), aff'd sub-nom. Public Operating Corp. v. Schneider, 145 F.2d [830] 832 ; In re Gibraltor Amusements, Ltd., supra, note 38."

"48. In re Brill, 52 F.2d 636 (S.D.N.Y. 1931)."

In the case now under consideration, it is clear that no such assertions by the claimants or their attorney were made within the statutory period. Therefore, there is no basis for allowing an amendment.

Finally, claimants contend that, inasmuch as the referee employs the mail to send notices to creditors, the application of Rule 6(e) of the Federal

Rules of Civil Procedure [3] grants a claimant three additional days within which to file a proof of claim. The difficulty with this reasoning is that § 58 of the Bankruptcy Act specifically requires that such notices by the referee shall be "by mail," while at the same time, § 57n unequivocally states that "(c)laims which are not *filed* within six months after the first date set for the first meeting of creditors shall not be allowed." (Emphasis supplied.) Unquestionably, the specificity of these provisions of the Bankruptcy Act precludes any possible application of the Rules of Civil Procedure to the filing of claims in a bankruptcy proceeding.[4]

For the above and foregoing reasons, we conclude that the four claims to which objection has been made must be disallowed. However, taking note of the fact that one of these claimants is also an attorney for the bankrupt, and it appearing from Schedules A–1 and B–4 that said attorney received no fee for services rendered or to have been rendered by him in this bankruptcy, there will be reserved to him the privilege of applying—within fifteen (15) days from the date hereof—for the allowance of a reasonable attorney's fee for the professional services actually rendered by him to the bankrupt in assisting it to perform the duties required of it in this proceeding. See §§ 62d and 64a(1) of the Bankruptcy Act and 3A Collier on Bankruptcy (14th Ed.), ¶ 62.12 [9], pp. 1507–1509, ¶ 62.31, pp. 1596–1615, ¶ 62.38 [1] and [2], pp. 1640–1645, and ¶ 64.105 [3], pp. 2099–2100.

An order implementing this opinion is being entered herewith.

Baton Rouge, Louisiana, December 30, 1971.

(s) Harvey H. Posner

HARVEY H. POSNER
REFEREE IN BANKRUPTCY

For the above and foregoing reasons, judgment will be entered herein affirming the Referee's order of December 30, 1971, disallowing the four claims involved.

---

3. Rule 6(e) of the Federal Rules of Civil Procedure for the United States District Courts provides:

"Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

However, Rule 81(a)(1) provides that "These rules . . . . do not apply to proceedings in bankruptcy . . . except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." And General Order 37 of the General Orders in Bankruptcy provides:

"*General Provisions.* In *proceedings* under the (Bankruptcy) Act the Rules of Civil Procedure for the District Courts of the United States shall, *in so far as they are not inconsistent with the Act* or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding." (Emphasis supplied.)

4. Even if Rule 6(e) did purport to deal with the matter of a creditor filing a proof of claim in a bankruptcy proceeding, it is obvious that its provisions *would* be "inconsistent with the (Bankruptcy) Act" in this respect and would therefore be superseded by the express provisions of the Act."