**In re DIALYSIS SERVICE COMPANY, INC., Debtor.**

**Bankruptcy No. 80 B 00058 K.**

United States Bankruptcy Court, D. Colorado.

May 6, 1982.

Frederick T. Berhenke and Andrew J. Petrie of Kutak, Rock & Huie, Denver, Colo., for the Trustee Joseph M. Epstein.

Steven L. Zimmerman of Zimmerman & Schwartz, P. C., Denver, Colo., for the Creditor Erika, Inc.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Trustee's Objection to Claim of Erika, Inc., in the sum of $54,279.06.

The parties stipulated to the facts upon the record and submitted the matter to the Court at the conclusion of oral argument.

On July 5, 1979, the Debtor corporation transferred all of its assets to American Medical Supply, Inc., a corporation with all the same shareholders as the Debtor. Erika was a supplier of goods to Debtor and the parties agree that the $54,279.06 claimed by Erika is for supplies delivered to the Debtor prior to July 5, 1979.

In January, 1980, an Involuntary Petition was filed herein under Chapter 7. Erika was listed as a creditor on the schedules subsequently filed with the address shown as "unknown".

In the Fall of 1979, Erika employed counsel to file suit against the Debtor and American Medical Supply, Inc., which action was filed in the State court in January, 1980.

The Order for Relief was entered herein in late March, 1980, but Erika never received notice because there was no address given for it in the court's file.

Sometime between the filing of the Involuntary Petition and the entry of the Relief Order, Erika's counsel became aware that Debtor was in bankruptcy proceedings. This counsel, being unfamiliar with bankruptcy law and procedures, retained Mr. Zimmerman (Erika's counsel herein) to consult and advise him on bankruptcy matters. Mr. Zimmerman, after reviewing the court's files herein, advised Erika's counsel that he need do nothing until he received notice from the Bankruptcy Court of the Relief Order and First Meeting of Creditors.

In the meantime, extensive negotiations were carried on between Mr. Timothy McFeeley, general counsel for Erika, Erika's counsel in State court, the Trustee, and Mr. Berhenke, counsel for the Trustee.

These negotiations continued through January, 1981. (See Creditor's Exhibit 1—Affidavit of Erika's counsel in State court). On August 18, 1980, in a telephone call with Mr. Berhenke, Erika's counsel was informed that the First Meeting of Creditors had been held although Erika received no written notice.

On August 28, 1980, Mr. McFeeley wrote a letter to Mr. Berhenke (Creditor's Exhibit # 3) which letter Mr. Berhenke admits he received prior to September 1, 1980. The last date for filing proofs of claims by creditors herein was 6 months after the First Meeting of Creditors (March 26, 1980), or September 26, 1980. Bankruptcy Rule 302(e). In that letter, Mr. McFeeley expressed his displeasure in that he was not notified of the cancellation of a subsequent creditors meeting scheduled for August 26, 1980. The letter also refers to Erika as "a major creditor of the bankruptcy".

Finàlly, shortly before June 11, 1981, Mr. Zimmerman was called back into the case by Erika's State court counsel. Mr. Zimmerman, within a few days, filed a formal Proof of Claim on behalf of Erika on June 11, 1981.

The issues thus presented are (1) whether the letter of August 28, 1980 from Mr. McFeeley to Mr. Berhenke is to be considered a sufficient "claim" under Bankruptcy Rule 301(a), and if not; (2) whether the Court should allow Erika's formal Proof of Claim filed June 11, 1981?

I think it is clear that by the language used by Mr. McFeeley in his August 28, 1980, letter wherein he asserted that Erika was "a major creditor of the bankruptcy" is sufficient to constitute an informal claim. By that language it was made known that Erika was a creditor of the estate.

Mr. McFeeley goes on in the letter expressing his dissatisfaction with certain actions being taken by the Trustee and continues: "Unless the creditors' rights are appropriately protected, a continuance of the pending trial slated for September 4, 1980 is unreasonable. We believe the assets of AMS, DMS and Sundahl should be marshalled by the trustee with vigor and dispatch, and those assets disposed of openly and not surrendered to the principal of the debtor upon undisclosed terms. As always, we are eager to participate in the process." That is simply polite language to say, "Mr. Trustee, Erika has a stake or a claim against the estate and we intend to see to it that we get our share". This was a demand against the estate and there is no doubt that Erika was going to hold the estate liable for its share. For an excellent discussion of what such informal claims must contain see *In re Imperial Sheet Metal, Inc.*, 352 F.Supp. 1149 (M.D.La.1973), and the cases and articles cited therein.

Was the informal claim of Erika "filed" in accordance with Bankruptcy Rules 302(b) and 509? The letter was admittedly received by counsel for the Trustee. Rule 509(c) provides that a paper intended to be filed but erroneously delivered to the trustee or receiver, or the attorney for either of them, the person receiving same shall transmit it forthwith to the proper person after noting the date of receipt thereon. This was not done. However, the courts in the cases of *In re High Point Seating Co., Inc.*, 181 F.2d 742 (2nd Cir. 1950) and *In re Neisner Bros., Inc.*, 2 B.R. 474 (Bkrtcy.S.D.N.Y.1980) allowed that such claims delivered to the accountants for the debtors were "filed". I hold that delivery to the Trustee's attorney in this case is sufficient "filing".

Next, the question arises as to whether the formal proof of claim filed without the 6 month period can be considered an amendment to the informal claim of August 28, 1980. As long as the amendment does not alter the status of the original claim, amendments of claims after the 6 month period have been freely allowed. *Hutchinson v. Otis, Wilcox & Company*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *Garvin v. Hickam*, 91 F.2d 323 (10th Cir. 1937); and *Imperial Sheet Metal*, *supra*.

Since the informal claim of August 28, 1980 has been determined to be valid and the formal Proof of Claim filed June 11, 1981 is to be considered a proper amend-

ment thereof, there is no need for the Court to determine whether or not the June 11, 1981 claim should be allowed as a claim on its own merits.

IT IS THEREFORE ORDERED that the Trustee's objection to the claim of Erika, Inc. is not well taken and said objection be, and the same hereby is, denied.