### In re W.T. GRANT COMPANY, Bankrupt.

### Bankruptcy No. 75 B 1735.

United States Bankruptcy Court, S.D. New York.

March 16, 1984.

Weil, Gotshal & Manges, New York City, for trustee.

Andrew S. O'Connor, New York City, for defendant.

### MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Charles G. Rodman, trustee of the W.T. Grant Co. estate ("Trustee") objects to the allowance of the proof of claim filed by the Chase Manhattan Bank, N.A. ("Chase"), claim number 600015, asserting that the claim is untimely and thus barred under Bankruptcy Act of 1898 ("Act") section 57(n) and former Bankruptcy Rule 302(e). Chase responds that it had filed an informal claim prior to the filing deadline ("bar

date") and that the proof of claim filed after the bar date should be allowed as a permissible amendment to a timely filed informal proof of claim.

After a hearing and upon review of all the papers submitted and the applicable law, the Court disallows and expunges the Chase claim in its entirety.

*Background*

On October 5, 1975, W.T. Grant Co. ("Grant") filed a Chapter XI petition for an arrangement, pursuant to Act section 322 and Bankruptcy Rule 11–6. Grant was adjudicated a bankrupt by Court order dated April 13, 1976 and Charles G. Rodman qualified as the Trustee. Subsequently the first date set for the first meeting of creditors was July 14, 1976.

Among the premises leased by Grant was a store located at 117 West Third Street, Jamestown, New York ("Jamestown Store"). The thirty year lease dated January 15, 1983 ran from October 1, 1953 through September 30, 1983. As the Trustee and authorized agent of certain trusts, Chase purchased the premises in 1974, has collected the rent payable.

As early as October 1975, Chase inquired of Grant's counsel regarding rental payments and when they might be received. Chase also noted concern for the prompt payment of insurance premiums and real estate taxes. *See* Affidavit in Opposition of Motion to Disallow Claim, Exhibit B ("Opposition Affidavit").

By Court order dated October 10, 1975, Grant was authorized, *inter alia,* to conduct store closing sales and to surrender possession of stores including the Jamestown Store. By a November 4, 1975 letter, Grant's counsel notified Chase's trust counsel that Grant intended to pay a use and occupancy charges." Opposition Affidavit, Exh. C. Chase's counsel's response of November 5, 1975, reiterated Chase's concern for the "punctual payment of insurance premiums." Opposition Affidavit, Exh. C. Grant surrendered the Jamestown Store on November 24, 1975. A letter dated April 30, 1976, indicates that as of April 9, 1976 Chase knew of the impending adjudication

of Grant and that Grant told Chase "the proper parties would at a future date receive formal notice of the time in which to file claims." Opposition Affidavit, Exh. E.

Act section 57(n) and Bankruptcy Rule 302(e) require that proofs of claim be filed within six months of the first date set for the first meeting of creditors. That bar date was January 14, 1977. Chase filed a formal proof of claim for $73,138.88 on or after January 18, 1977. Opposition Affidavit, Exh. A. The claim is filed under Act section 63 for "rent" for one year from date of surrender of premises. *Id.* However, in addition to the annual rent of $39,894.00, Chase's claim included sums for taxes, utilities, and repairs totalling $73,138.88.

Chase asserts that this formal proof of claim is merely an amendment of its already timely filed claim, evidenced by the correspondence noted above. The Trustee responds: (1) that the correspondence does not constitute a claim; and (2) that the formal claim is a new claim, untimely filed and thus time barred pursuant to the case law in this circuit. *See, e.g., Abraham v. Rodman (In re: Abraham v. Rodman (In re W.T. Grant Co.),* 622 F.2d 572 (2d Cir.1980); 3 *Collier on Bankruptcy* ¶ 57.27 (14th ed. 1982). Indeed, Chase does not seek to extend the time to file; Chase relies on its allegation that the correspondence is sufficient for a claim under Act section 63 which it may amend after the bar date.

*Issue*

Is the correspondence among Grant and Chase and their counsel sufficient to constitute a claim for Act section 63 damages?

*Discussion*

█ The Court may permit amendments to proofs of claim after the applicable bar date. *See Hutchinson v. Otis & Co.,* 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); 3 *Collier on Bankruptcy* ¶ 57.11[3], at 208 (14th ed. 1982). Amendments after the bar date will be scrutinized closely to insure that the amendment is genuine rather than an assertion of an entirely new claim. *In re V–M Corp.,* 23 B.R. 952, 954 (Bankr.W.D.

Mich.1982); 3 *Collier on Bankruptcy* ¶ 57.-11[3], at 202–8 (14th ed. 1982).

*Correspondence*

The Court in *V–M Corp., supra* noted that in "a few cases courts have designated a letter or other document filed with the trustee a claim which could be amended by a later filed formal claim." 23 B.R. at 954 (citation omitted); *see In re Dialysis Service Co., Inc.,* 19 B.R. 940 (Bkrtcy.D.Colo. 1982); *In re Gibraltor Amusements Ltd.,* 315 F.2d 210 (2d Cir.1963).

 The Court has serious reservations in deeming the correspondence sufficient to constitute a claim timely filed with the Trustee. However, the Court need not reach the issue of the sufficiency of the correspondence. Even if construed in favor of Chase, the correspondence, at most, would support a claim under Act section 64(a)(1) as an expense of administration since the letters focus on *current* rent, insurance and taxes which may constitute a priority claim. *See* 3A *Collier on Bankruptcy* ¶ 64.105[2] (14th ed. 1982).

On the other hand, Chase's formal claim filed under the bar date and pursuant to Act section 63(a)(9) seeks damages resulting from the rejection of an unexpired lease. Such a claim for damages may not exceed the rent reserved for one year after termination and is neither automatically allowed nor simply a "rent" claim as Chase apparently believes. *See* Memorandum of Law in Opposition to Motion to Disallow Claim, at 5. Damages under section 63(a)(9) must be proved and one year's rent is a cap on those damages. 3A *Collier on Bankruptcy* ¶ 63.33[2.4] (14th ed. 1982).

A priority administration claim under section 64(a)(1) is a different claim from an unexpired lease rejection claim under section 63(a)(9). The Court does not determine whether the correspondence is sufficient to constitute a claim under section 64(a)(1). The Court holds that the correspondence does not suffice as an informal claim under section 63(a)(9). *See First National Bank v. West,* 227 F. 981 (3rd Cir.1915) (an informal claim must show a demand against the estate and an intention to hold the estate liable). Therefore, the formal claim filed by Chase after the bar date does not amend a timely filed informal claim, but rather asserts a new claim which is untimely filed.

Finally the Court notes that Chase has not sought an extension of time to file the new claim. Chase has offered no explanation or excuse as to why the new claim was filed after the bar date. The Court is constrained to disallow and expunge Chase's claim.

It is so ordered.