**In re WASHINGTON COMMUNICA-TIONS GROUP, INC., Debtor.**

**Bankruptcy No. 80–00304.**

United States Bankruptcy Court, District of Columbia.

July 26, 1984.

Robert O. Tyler, Washington, D.C., trustee.

Michael Parrot, pro se.

### ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the supplement to the trustee's application to treat the late-filed claim of Michael Parrott as timely filed, the Court finds and concludes as follows:

1. The order of December 21, 1983 by former Judge Whelan of this Court denied the trustee's application without prejudice to renewal if it could be shown that Mr. Parrott "did not have notice or actual knowledge of the case in time for timely filing ... and ... proof of such claim is filed in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C).

2. The trustee's supplement acknowledges that Mr. Parrott "did have actual

knowledge of the bankruptcy proceeding in time for the timely filing of a proof of claim"; but the trustee goes on to state another possible ground for relief—that "Mr. Parrott mistakenly believed the Trustee would prepare and file a proof of claim in Mr. Parrott's behalf ..."

3. The Court has reviewed the exchange of correspondence between Mr. Parrott and the trustee, attached to the trustee's supplement.

4. Based on that review, the Court finds that Mr. Parrott at all relevant times has been located in Paris, France; that, understandably, Mr. Parrott appears to have been completely ignorant of the procedures required to be followed in order to file a proof of claim in a United States bankruptcy court and unlikely to have been able to obtain such information with reasonable accuracy or at reasonable cost in view of his location in Paris; and that he genuinely, in good faith, and (in view of his limited knowledge) reasonably believed that by sending his letter of December 17, 1980 to the trustee setting forth the existence, nature and amount of his claim, he had done all that he needed to do in order to assert his claim in this case.

5. The trustee does not object to the allowance of Mr. Parrott's claim.

6. Bankruptcy Rule 5005(b) deals with the situation of "A paper intended to be filed but erroneously delivered to the trustee ..." That rule provides: "In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery."

7. Unlike the "sophisticated financial institution[s]" involved in *In re Greene*, 33 B.R. 1007, 1010 (D.C.D.R.I.1983), and *In re W.T. Grant Co.*, 37 B.R. 593 (Bkrtcy.S.D. N.Y.1984), Mr. Parrott can in no way be deemed to be "chargeable with knowledge of bankruptcy procedures."

8. In light of the extraordinary circumstances presented in this case, this Court believes that it is appropriate for the Court to deem Mr. Parrott's December 17, 1980 letter to the trustee as being an informal claim which could be and has been amended and perfected by the late filing in this Court of a formal proof of claim. *See In re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979); *see also Wilkins v. Simon Bros., Inc.*, 731 F.2d 462, 464–465 (7th Cir.1984).

NOW THEREFORE IT IS ORDERED, on July 26, 1984, that the trustee's application is granted, and Mr. Parrott's December 17, 1980 letter to the trustee is deemed to be an informal claim which could be and has been perfected by the late filing in this Court of a formal proof of claim.