**In re BASCHE–SAGE HARDWARE COMPANY, Debtor.**

**Bankruptcy No. 380–00517.**

United States Bankruptcy Court,
D. Oregon.

Feb. 5, 1985.

Trustee Wade P. Bettis, Jr., La Grande, Or., pro se.

Alan J. Schmeits of Silven, Schmeits & Vaughan, Baker, Or., for Security Pacific.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the trustee's objection, in this chapter 7 case, to the claim of Security Pacific Leasing, Inc. (hereinafter referred to as "Security Pacific"). The trustee objected to Security Pacific's claim number 118 in the amount of $15,216.32 on the basis that the claim was not timely filed. At a telephone hearing on this matter on October 16, 1984, the trustee, Wade P. Bettis, Jr., represented himself and Security Pacific was represented by Alan J. Schmeits of Silven, Schmeits and Vaughan.

As a result of the hearing and memorandum submitted on behalf of Security Pacific, it is apparent that Security Pacific concedes it did not timely file a formal proof of claim. Security Pacific argues, however, that a letter to the trustee, which letter was received by the trustee within the time limit, may serve as an informal proof of claim which may now be amended. This principle was recognized by the Ninth Circuit in *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584 (9th Cir.1963). The question remains, however, whether the letter in question meets the minimum requirements for an informal proof of claim. The letter states, in full, the following:

June 23, 1980
Mr. Wade P. Bettis, Jr.
1101 Washington Street
La Grande, Oregon 97850
Re: Basche-Sage Hardware Co. bankruptcy
Dear Mr. Bettis:

This office represents Security Pacific Leasing, lessor, interest owner and creditor in the above case. Our client hereby requests abandonment and release by the trustee of the following items of equipment which my client had leased to Basche-Sage Hardware Co.: New store fixtures, new steel shelving, new P.O.S. terminals, and miscellaneous other items of shelving.

This request is made for the reason that the debtor has no equity in the items, and said items are therefore of inconsequential value to the estate. Enclosed is a copy of the U.C.C. filing which shows said items leased pursuant to Master Lease dated March 8, 1978. The cost of said items as presently stored are as follows:

| | |
|---|---|
| Rent due to April 15, 1980 | $ 1,290.27 |
| Unrecovered investment as of April 15, 1980 | 16,243.60 |
| Interest on past-due rental to 4/15/80 at 12% per annum | 12.83 |
| Damages for breach | 1,386.74 |
| TOTAL | $18,933.44 |

The estimated fair market value of said equipment without any costs for transportation, selling, etc., is less than $18,000.00. In accordance, it now appears that the above equipment has a negative value to the estate and further delay will cause a larger deficit on the lease.

By copies of this letter sent this date, debtor and debtor's attorney are both hereby given the following notice:

"The debtor is informed that unless the Trustee is notified in writing within ten days after the mailing of this request for release that the debtor objects to such release, the Trustee may release the property. Such a release shall constitute a termination of the stay provided by Bankruptcy Code Section 362(a) and will permit the creditor seeking the release to foreclose his lien

or security interest by repossession or as otherwise provided by law."

Very truly yours,

Alan J. Schmeits

AJScd

Enclosure

cc w/Encl.: Gary L. Marlette
                    Paul Basche

The court has just decided *In Re Stewart*, (1985), 46 B.R. 73 (Bkrtcy.D.Or.1984). In *Stewart*, the court held, based on *Perry*, that the minimum requirements for an informal proof of claim are:

1.  A written instrument;
2.  Which was presented to the trustee or the court within the time limit;
3.  Which instrument brings to the attention of the court the nature and amount of the claim.

The letter in question meets these minimum requirements.

As indicated in *Stewart*, however, these minimal requirements have been expanded and/or clarified by *Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir.1970) and *In Re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979).

In *Sun Basin*, the court held that "the document ... timely filed must fairly reflect the existence of a claim against the estate." *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir.1970). Under *Sun Basin*, however, the intent to seek recovery from the estate can be implicit in the language of the document filed. *Id.*

In the instant case, the letter dated June 23, 1980, quoted above, indicates that the claim is in the amount of $18,933.44. It also states that the claim is based upon a lease agreement with the debtor and that the collateral securing the agreement "has a negative value to the estate and further delay (of abandonment) will cause a larger deficit on the lease."

Based on *Sun Basin*, this court feels that the quoted language implies an intent to seek a deficiency claim in the bankruptcy case. The letter, therefore, passes the *Sun Basin* test.

The only additional gloss placed on the *Perry* requirements is that the writing in question be signed by the creditor or his agent. *In Re Franciscan Vineyards, Inc.*, 597 F.2d 181, 182 (9th Cir.1979). The trustee has stipulated that the letter was signed by the attorney for Security Pacific.

Thus, the letter meets all the requirements of an informal proof of claim. Accordingly, Security Pacific's claim number 118 will be treated as an amended claim and allowed in the amount of $15,216.32.

An order consistent herewith will be entered by the court.

This opinion shall constitute the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.