In re James David **SMITH, d/b/a 29 North Mobile Homes and 81 South Mobile Homes, Debtor.**

**COMMODORE SAVINGS ASSOCIATION and Commodore Financial Services Corporation, Appellees,**

v.

**W. Fred ALLEN, Appellant.**

**Civ. A. No. 88–1870–3.**

United States District Court, D. South Carolina, Greenville Division.

Feb. 9, 1989.

Joseph M. Jenkins, Greenville, S.C., for trustee.

Daniel B. White, Rainey, Britton, Gibbes & Clarkson, P.A., Greenville, S.C., for Commodore.

Marshall Winn, Wyche, Burgess, Freeman & Parham, P.A., Greenville, S.C., for objecting creditors.

## ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

This case is before the court on W. Fred Allen's appeal from the final judgment of the United States Bankruptcy Court for the District of South Carolina entered April 14, 1988, 100 B.R. 289.

### Facts

The pertinent facts in this matter are undisputed. On May 8, 1986, the debtor, J. David Smith, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Counsel for appellees ("Commodore") informed the Clerk of the Bankruptcy Court by a letter dated May 29, 1986 that it was a creditor of the debtor and requested copies of the schedules filed by the debtor. Commodore's counsel then met with the interim trustee and the debtor's counsel on July 8, 1986, because the clerk had not yet sent Commodore the schedules. On the same day, Commodore's counsel attended the first meeting of creditors. On July 9, 1986, counsel for Commodore wrote the interim trustee requesting notice of the date and time of the taking of the debtor's deposition. In this letter, counsel wrote: "As you are aware, my clients have a large claim against Dr. Smith."

The debtor's schedules filed with the Bankruptcy Court listed Commodore as an unsecured creditor with a claim of $160,-078.54. The total amount of claims asserted by Commodore against the debtor in companion suits filed in the United States District Court was $160,076.54, two dollars less than the scheduled claim. The sched-

ules listed Commodore's claim as "disputed, contingent."

The bar date for filing proofs of claim in the bankruptcy case was October 6, 1986. Commodore filed a formal proof of claim on October 25, 1986. On May 29, 1987, Commodore filed a motion requesting that the Bankruptcy Court view Commodore's actions prior to the bar date as an informal proof of claim which was amended by the tardy formal proof of claim. In its order, the Bankruptcy Court ruled that (1) the case law regarding informal proofs of claim had not been overturned by the enactment of the Bankruptcy Reform Act of 1978, and (2) Commodore's actions prior to the bar date and the listing of Commodore's claim on the debtor's schedules constituted a timely, amendable informal proof of claim under those cases. For the reasons given below, the court affirms the order of the Bankruptcy Court.

### Effect of the Bankruptcy Code on Informal Proofs of Claim

■ Prior to the enactment of the Bankruptcy Code, an informal proof of claim prior to the bar date could qualify as a timely proof of claim subject to formal amendment after the bar date. *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir.1957); *Scottsville Nat'l Bank v. Gilmer*, 37 F.2d 227, 229 (4th Cir.1930). Courts which have addressed the issue have held that the Bankruptcy Code does not change this rule. *In re Clapp*, 57 B.R. 921, 924 (Bankr.D.Minn.1986); *In re Hart Ski Co.*, 5 B.R. 326, 327 (Bankr. D.Minn. 1980). Additionally, courts approving informal claims since the enactment of the Code have implicitly recognized that the substantive law regarding informal proofs of claim is still valid. *E.g., In re Anderson–Walker Indus.*, 798 F.2d 1285 (9th Cir.1986); *In re Rite Autotronics Corp.*, 27 B.R. 599 (Bankr. 9th Cir.1982); *Dabney v. Addision*, 65 B.R. 348 (D.Va. 1985); *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789 (D.Va. 1985), *aff'd without opinion*, 755 F.2d 928 (4th Cir.1985); *In re Basche–Sage Hardware Co.*, 56 B.R. 3 (Bankr. D.Or.1985); *In re Butterworth*, 50 B.R. 320 (D.C. Mich.

1984); *In re Oxridge Inv. Group*, 43 B.R. 418 (Bankr. D.N.H.1984); *In re Dialysis Serv. Co.*, 19 B.R. 940 (Bankr. D.Col.1982).

Allen contends that the enactment of the code necessarily eliminated the informal claim exception, but cites no cases which have addressed the issue. Instead, he relies on *In re Columbia Ribbon & Carbon Mfg. Co.*, 54 B.R. 714 (Bankr. S.D.N.Y. 1985), which held that a creditor which did not have actual knowledge of the debtor's bankruptcy case in time to file a timely proof of claim (a "no-notice" creditor) was entitled to have its claim treated equally with timely claims under section 726(a)(2)(C) of the Code despite the creditor's delay in filing its claim after it learned of the bankruptcy. The court reasoned that the plain language of section 726(a)(2)(C), its legislative history and the absence of a time limit for no-notice creditors to file such claims under the Bankruptcy Rules meant that the court's inquiry is limited to determining whether or not the creditor had notice or actual knowledge of the bankruptcy case's existence in time to file a timely claim; the court had no room to consider the equities of the case, including the possible application of the doctrine of laches.

Allen suggests that *Columbia Ribbon's* holding, that the criteria for determining whether an untimely claim qualifies for treatment under section 726(a)(2)(C) eliminates equitable considerations, also applies to whether or not claims are timely or tardily filed initially. For this proposition, Allen lifts exerpts of legislative history discussed in *Columbia Ribbon* which do no more than emphasize that untimely claims which do not qualify under section 726(a)(2)(C) are subordinated under section 726(a)(3). Neither *Columbia Ribbon* nor the legislative history discussed in the case addresses the entirely different and preliminary issue of whether or not a claim is timely filed in an informal manner and therefore subject to later, formal amendment. Thus, *Columbia Ribbon* is inapposite.

Allen also argues that the more lenient scheme of the Bankruptcy Code has implic-

itly eliminated the informal claim exception. He contends that the exception arose because of the Bankruptcy Act's harshness in disallowing tardily filed claims. The Code's remedies to the Act's harshness—allowing untimely claims (albeit at a lower priority than timely claims) and making many formal proofs of claim unnecessary (claims not listed on the debtor's schedules as disputed or contingent)—indicates the desire of Congress to do away with the informal filing exception.

This argument is simply not convincing. The more lenient rules of the Code may explain why the informal filing exception is needed less, but they certainly do not eliminate the equitable reason for its existence. The Code does not address the inequity of disallowing informally filed claims which are listed on the debtor's schedules as disputed or contingent—precisely the situation Commodore contends is presented here. "The new Bankruptcy Code has not altered the substantive law in this area. The underlying purpose is the same; to provide the trustee or the debtor-in-possession with adequate notice of the claim against the estate. The filing of a proof of claim is a ministerial act which does not alter the legal and equitable relationships involved." *In re Hart Ski Mfg. Co.*, 5 B.R. 326, 328 (Bankr. D.Minn.1980).

### The Appellant's Informal Proof of Claim

■ Allen argues that, even if the cases regarding informal proofs of claim survived the enactment of the Code, Commodore's informal communications and the listing of its claims on the debtor's schedules fail to constitute an informal proof of claim. He contends than an informal proof of claim must include a writing by the creditor setting forth the specific amount of the claim, which is not present here. The court disagrees.

■ In addition to the listing of its claims on the debtor's schedules in an amount only two dollars more than the actual claims, Commodore submits that the following communications constitute a valid and amendable informal proof of claim:

1. A letter from Commodore's counsel to the Clerk of the Bankruptcy Court dated May 29, 1986, indicating its creditor status and requesting copies of the debtor's schedules;

2. Commodore's counsel's meeting with the interim trustee on July 8, 1986, regarding the schedules;

3. Commodore's counsel's attendance at the first creditor's meeting on July 8, 1986; and

4. A letter from Commodore's counsel to the trustee dated July 9, 1986, requesting notice of any deposition which might be set for the debtor and stating, "[a]s you are aware, my clients have a large claim against Dr. Smith."

There is no case in the Fourth Circuit that supports Allen's contention that the specific amount of the creditor's claim must appear in a writing from the creditor. Rather, the cases have allowed claims when the only written indication of the amount of the claim was the debtor's schedules. *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir.1957); *Scottsville Nat'l Bank of Gilmer*, 37 F.2d 227 (4th Cir.1930). Allen's attempt to distinguish these cases on other grounds is unconvincing.

Some courts have held that a writing from the creditor must state the amount of the claim. *E.g., In re Basche–Sage Sec. Hardware Co.*, 56 B.R. 3 (Bankr. D.Or. 1985). However, most of the cases which Allen alludes to do not *require* that the amount of the claim be set forth; a writing stating the claim is merely present. The court has found none denying an informal claim because the amount was not stated in the writing and in which the amount was stated in the schedules. In any event, Allen mischaracterizes the Bankruptcy Court's order as recognizing such a rule in cases decided under the Code. The court simply noted that, in some of the cases recognizing informal proofs of claim, there was such a writing.

Moreover, Allen offers no reason why the specific claim must be stated in the creditor's writing. If it is important that the amount be known, the letter from Com-

modore's counsel stating that Commodore has a "large claim" against the debtor and the almost exact listing of the claim on the debtor's schedules certainly suffices. These facts are clearly sufficient to show an informal proof of claim under *Fyne* and *Scottsville.*

Finally, Allen's assertion that pre-Code cases are insufficient to support an informal claim here because most involved undisputed claims is without merit. Whether or not the claim is disputed or contingent is irrelevant. The purpose of the proof of claim is to notify the debtor of the creditor's claim. The debtor's listing of Commodore's claim, albeit disputed and contingent, serves this purpose. In conjunction with the communications of Commodore's counsel, it constitutes an informal proof of claim subject to formal amendment.

For these reasons, the Bankruptcy Court did not err in so ruling. Commodore's tardy formal proof of claim made on October 25, 1986, shall be treated as an amendment of its timely informal proof of claim.

IT IS SO ORDERED.